IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PIERRE CARDELL BROWN,

                Plaintiff,

v.

LINDSAY WALKER,

                Defendant.[1]

ORDER

17-cv-588-jdp

---

Plaintiff Pierre Cardell Brown, appearing pro se, is an inmate in the Minnesota state prison system. He alleges that when he was housed at Columbia Correctional Institution, prison officials there violated his rights by keeping him in a cell with feces on the window and failing to clean the cell.

Brown has filed a series of motions that I will address below. The parties have also both filed motions for summary judgment. Those motions are not ripe for decision because I am allowing Brown to amend his complaint to name more defendants who were personally involved in housing him in the dirty cell. I will reset the schedule to give the parties a chance to supplement their summary judgment motions in light of the new defendants.

A. Motions to amend complaint

Brown originally alleged that in March 2017, he was moved into a new cell at CCI that had feces smeared on the window. *See* Dkt. 1. He told correctional officers and defendant Unit Manager Lindsay Walker about it, but none of them addressed the problem. *Id.* I allowed Brown to proceed on an Eighth Amendment claim against Walker, but Walker was the only

---

[1] I have amended the caption to reflect the proper spelling of defendant Walker's name, as provided by counsel. *See* Dkt. 10.

defendant named in the original complaint whom Walker alleged was actually involved in the events. Dkt. 8, at 3. I noted that Brown alleged that various correctional officers did nothing to help him, but he did not name them as defendants. *Id.*

Walker has filed two motions to amend his complaint, Dkt. 14 and Dkt. 23, asking for the same thing in both: he seeks to add as defendants Sergeant III Chatman, Correctional Officer II Ashton, and Correctional Officer Blair. In the text of his original complaint, Brown alleged that he told all three of these officials about the problem but none of them addressed it. I will grant Brown's first motion to amend his complaint and allow him to proceed on conditions-of-confinement claims against these officials. I will deny his second motion as redundant to the first.

**B. Motion for injunctive relief**

Brown has filed a motion for preliminary injunctive relief about the conditions of his confinement at Dodge Correctional Institution: he says that there was also feces in a cell he was placed in at that facility, giving him "flashbacks" to his mistreatment at CCI. Dkt. 13. He also states that his legal materials were confiscated.

I will deny the motion. Brown does not comply with this court's procedures to be followed on motions for injunctive relief. Under these procedures, a plaintiff must file with the court and serve on defendants proposed findings of fact supporting his claim, along with any evidence he has to support those findings and his request for relief. In addition, although his claim is about a similar condition of his confinement, his motion is about a new facility with different staff members, so his problems with the conditions at DCI do not belong in this lawsuit. Brown's complaint about his legal materials also appear to be resolved because he has

followed with numerous filings, including a motion for summary judgment with supporting evidence.

**C. Motion for recruitment of counsel**

Brown has renewed his motion for the court's assistance in recruiting him counsel. Dkt. 21. I denied his original motion at the same time I screened his complaint, stating that he failed to document that he sought help from at least three lawyers, and that it was too early to tell whether the case would be too complex for him to handle himself. Dkt. 8, at 3–4.

Brown now gives the names of two lawyers who he says he contacted but turned him down. The court usually concludes that it is reasonable to require a plaintiff show that he has contacted three lawyers about representation. But even if I concluded that his efforts were enough, I will deny his current motion because I am not convinced that the case is too complex for him to handle. As I stated above, Brown has been able to file numerous documents, including summary judgment materials that show that he has a good understanding of how to support his claims. He states that while he was housed at Wisconsin Secure Program Facility, he had very little access to the law library. But Brown is no longer housed at WSPF so the conditions there are not relevant to his motion. As the lawsuit moves forward, if Brown continues to believe that he is unable to litigate the lawsuit himself, then he may renew his motion, but he will have to explain what specific litigation tasks he cannot perform himself.

**D. Motion to compel**

Brown has filed a motion to compel Walker to respond to his request for production of documents. Dkt. 27. But Brown did not properly serve counsel with that discovery request; instead, he e-filed the requests directly to the court's docket. Dkt. 24. The clerk of court informed Brown that he had incorrectly filed those requests. Dkt. 25. Walker says that Brown

followed by properly serving the requests, and that Walker responded to them about a month later.

Brown then filed a motion for default judgment, stating that he never received Walker's response to his motion to compel. Dkt. 29. This appears to have happened because Brown was transferred to the Minnesota prison system around the time these issues were being briefed. I will deny the motion for default judgment because the misunderstanding here is nowhere close to a reason to impose such a severe sanction. But I will direct Walker to send Brown another copy of the brief in opposition to his motion to compel.

As for the motion to compel itself, Walker says that counsel sent Brown a copy of the discovery responses, so I will deny Brown's motion. But Brown never says whether he actually received the responses. To be sure that Brown has received them, I will direct Walker to send Brown another copy. If anything in those responses is useful to Brown, he may include that information in his supplemental summary judgment briefing, which I discuss below.

E. Schedule

Brown filed a motion for an extension of time to file his summary judgment brief, Dkt. 26, but he filed a summary judgment motion and brief before the October 12, 2018 dispositive-motions deadline. So I will deny his motion as moot.

Now that I am allowing Brown to amend his complaint to name new defendants, I will give the parties a chance to supplement the already-existing summary judgment briefing. This can be accomplished in one series of briefs rather than having the parties provide parallel briefing on two or more sets of motions. The schedule is amended as follows:

4

- Deadline for defendants to file supplemental summary judgment materials: May 20, 2019

- Deadline for Brown to file combined materials responding to defendants' supplement and supplementing his own motion: June 20, 2019

- Deadline for defendants to file combined materials replying to their supplement and responding to Brown's supplement: July 9, 2019

- Deadline for Brown to reply regarding his supplement: July 19, 2019

- Discovery cutoff: August 5, 2019

- Final pretrial submissions and disclosures: August 12, 2019

- Pretrial submission responses: August 26, 2019

- Final pretrial conference: September 12, 2019, at 2:00 p.m.

- Trial: September 23, 2019, at 9:00 a.m.

ORDER

IT IS ORDERED that:

1. Plaintiff Pierre Cardell Brown's motion for preliminary injunctive relief, Dkt. 13, is DENIED.

2. Plaintiff's first motion to amend his complaint, Dkt. 14, is GRANTED.

3. Plaintiff is GRANTED leave to proceed on Eighth Amendment conditions-of-confinement claims against defendants Lindsay Walker, Sergeant III Chatman, Correctional Officer II Ashton, and Correctional Officer Blair.

4. The attorney general's office may have until February 22, 2019, to inform the court whether it accepts service on behalf of defendants Chatman, Ashton, and Blair.

5. Plaintiff's second motion to amend the complaint, Dkt. 23, is DENIED.

6. Plaintiff's renewed motion for the court's assistance in recruiting him counsel, Dkt. 21, is DENIED without prejudice.

7. Plaintiff's motion to compel discovery responses, Dkt. 27, is DENIED.

8. Plaintiff's motion for default judgment, Dkt. 29, is DENIED.

9. Defendant is directed to send plaintiff copies of its brief opposing plaintiff's motion to compel, and its responses to plaintiff's discovery requests as discussed above.

10. Plaintiff's motion for an extension of time to file a summary judgment motion, Dkt. 26, is DENIED as moot.

11. The schedule is amended as discussed above.

Entered February 1, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge